**NASHVILLE COAL, INC., Appellant,**

v.

**Floyd C. DRAKE, Appellee.**

**SUBSEQUENT CLAIM FUND, Appellant,**

v.

**Floyd C. DRAKE, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

Armer H. Mahan, Louisville, for appellant Nashville Coal, Inc.

Paul D. Rehm, Versailles, J. W. Craft, Jr., Hazard, for appellant Subsequent Claim Fund.

Donan & Vick, William P. Donan, Greenville, for appellee.

WILLIAMS, Judge.

The appellee, Floyd C. Drake, injured his back while in the military service during World War II. On February 9, 1960, while working for appellant Nashville Coal, Inc., he wrenched his back when a chain slipped while he was setting bits on a mine loader. The Workmen's Compensation Board found that he was permanently and totally disabled, 20 per cent due to the injury received while working for Nashville Coal, Inc., and 80 per cent due to the pre-existing condition of his back. His claim against the Subsequent Claim Fund was dismissed. On appeal to the circuit court the award was modified to the extent that the Subsequent Claim Fund was declared liable for 80 per cent permanent partial disability to the body as a whole. Both the employer, Nashville Coal, Inc., and Subsequent Claim Fund have appealed, asserting the court erred in assessing liability against Subsequent Claim Fund, and the appeals have been consolidated.

The circuit court's right to amend the Workmen's Compensation Board award is questioned by appellant. However, it will not be necessary to answer that contention due to the fact the case shall turn on the interpretation of the statute pertaining to Subsequent Claim Fund liability. The injury occurred prior to the effective date of the 1960 amendment to KRS 342.-120. The statute in effect at that time provided in part as follows:

"(1) If any employee who is permanently partially disabled, whether from a compensable injury or otherwise, receives a subsequent compensable injury by accident resulting in additional permanent disability so that

the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury alone, and such employee is entitled to receive compensation on the basis of the combined disabilities, the employer shall be liable only for the degree of disability which would have resulted from the latter injury had there been no pre-existing disability. After the compensation liability of the employer, or his insurance carrier, if any, has been fully discharged, the remaining compensation to which such resulting condition would entitle the employee, less all compensation which the provisions of this law [chapter] would have afforded on account of the prior disability had it been compensated for thereunder, shall be paid out of the Subsequent Injury Fund * * *."

We interpret that statute to mean the Subsequent Claim Fund is liable when a present injury combines with the pre-existing permanent partial disability to produce a disability greater than that of the present injury alone and exceeding the total of the previous plus the present injury disabilities. See Combs v. Gaffney, Ky., 282 S.W.2d 817.

Because of appellee's failure to divulge information concerning his pre-existing back condition, only one doctor attempted to apportion the degree of disability resulting therefrom. Based on that doctor's testimony the Board found that appellee was totally disabled, 80 per cent of which was due to the pre-existing condition and 20 per cent to the last injury. Even if the pre-existing condition were considered a permanent partial disability, the sum of the previous and present injury disabilities equals 100 per cent total disability, leaving nothing over and above for which the Subsequent Claim Fund might have been liable. The Board had sufficient evidence before it to make the award, and the claim against the Subsequent Claim Fund was properly dismissed.

It follows that the circuit court was without authority to modify the award and to make the Subsequent Claim Fund liable for any part of it.

The judgment is reversed, with directions that a new judgment be entered in the circuit court affirming the award of the Workmen's Compensation Board.